IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANELOGIC, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-08CV1164-L |
| | § | |
| GREAT AMERICAN SPIRIT | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S MOTION TO COMPEL

Plaintiff lanelogic files this Motion to Compel and would respectfully show the Court as follows:

1. Lanelogic initiated this first-party insurance coverage case because of Great American's ("GA") undue delay and subsequent refusal to pay lanelogic's covered insurance claims. Lanelogic served narrowly-tailored discovery requests to GA regarding the insurer's investigation and adjustment of lanelogic's claims.

2. Specifically, lanelogic seeks information surrounding GA's contention that it lacked adequate information to pay lanelogic's claims within the prompt payment time periods prescribed by the 2007 Policy issued by GA and §542 of the Texas Insurance Code.  In addition, the discovery is directed to GA's dubious contention that its claims handling was at all times fair and reasonable, and consistent with § 541 of the Texas Insurance Code.  The discovery requests are also designed to elicit specific responses surrounding the process and details of what appear to be pre-textual claims adjusting decisions made by GA in an effort to defeat coverage.

3. To date, GA has refused to substantively respond to lanelogic's narrowly-tailored requests and has hidden thousands of pages of claims handling documents behind an over-

indulgent 100+ page privilege log. An insurer cannot conceal its core business of claims investigation and analysis behind work product and attorney client privileges.

4. Lanelogic's discovery requests seek information bearing directly on GA's investigation, motives and analysis through the date each claim was denied. This information is relevant to one of the central questions in this case: did Great American knowingly delay, and then fail to pay claims after liability was reasonably clear?[1]

5. This Court may compel discovery pursuant to Federal Rule of Civil Procedure 37. Under Rule 26(b)(1), parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, and a court may, for good cause, order discovery of any matter relevant to the subject matter involved in the action. Such information need not be admissible if it appears reasonably calculated to lead to the discovery of admissible evidence.

6. Because the discovery lanelogic seeks is relevant to the prosecution of its causes of action, is relevant to the subject matter involved in this lawsuit, and is reasonably calculated to lead to the discovery of admissible evidence, this Court should grant this Motion to Compel.

**Prayer**

Lanelogic respectfully requests this Court to issue an order: (1) compelling GA to produce all documents and information withheld on the basis of the work product protection and/or the attorney-client privilege which lanelogic lists on LL App. Ex. 8; (2) overruling GA's objections to the interrogatories addressed in lanelogic's accompanying Joint Status Report and compelling Great American to supplement its interrogatory responses; and (3) overruling GA's objections to the requests for production addressed in lanelogic's accompanying Joint Status

---

[1] Lanelogic references and incorporates by reference the arguments and authorities in its Joint Status Report ("JSR"), filed contemporaneously with this Motion to Compel, as if fully reproduced herein.

PLAINTIFF'S MOTION TO COMPEL 2

Report and compelling GA to promptly produce all responsive documents in its possession, custody, or control.[2]

                    Respectfully submitted,

                    **GARDERE WYNNE SEWELL LLP**

                    */s/ Robert M. Hoffman and Shelby Angel*
                    ROBERT M. HOFFMAN
                    State Bar No. 09788200
                    SHELBY D. ANGEL
                    State Bar No. 24040440
                    Gardere Wynne Sewell LLP
                    3000 Thanksgiving Tower
                    1601 Elm Street
                    Dallas, Texas 75201-4761
                    Tel.: 214.999.4707
                    Fax: 214.999.3707

                    J. JAMES COOPER
                    State Bar No. 04780010
                    1000 Louisiana, Suite 3400
                    Houston, Texas 77002-5007
                    Tel.: 713.276.5884
                    Fax: 713.276.6884

                    **ATTORNEYS FOR PLAINTIFF**

---

[2] Lanelogic is aware that GA is seeking to impose attorneys' fees sanctions on lanelogic as part of GA's Motion to Compel. Although difficult, lanelogic has resisted the knee-jerk reaction of doing likewise. Perhaps it's a difference in philosophy, but lanelogic does not typically consider monetary sanctions appropriate unless a Court Order has been violated or a party is continuously harassing the other. Such circumstances are not present here.

PLAINTIFF'S MOTION TO COMPEL                3

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record via the ECF Electronic Filing System March 12, 2010:

>Michael Keeley
>Duncan L. Clore
>Strasburger & Price, LLP
>901 Main Street, Suite 4400
>Dallas, Texas 75202

>/s/ *Robert Hoffman*
>Robert M. Hoffman